JOHN LANDERS, RESPONDENT, *v.* MORTON C. FISHER, APPELLANT, IMPLEADED, ETC.

*Appeal — when it should be taken from the original order, and not from a subsequent one amending it — Injunction order — when a party, not restrained by it, may appeal therefrom.*

APPEAL from an order made at Special Term denying a motion to vacate an injunction.

The action was brought to restrain the defendants Meyer and Adlen from paying over to the defendant Fisher certain moneys in their hands arising from the sale of stock belonging to Fisher, on the ground that the plaintiff was entitled to a portion thereof as a commission earned by him for negotiating and bringing about the sale.

The court at General Term said : " By the terms of the injunction order it is stated to have been made upon the complaint, as it had been verified by the plaintiff, and the affidavit of Joseph M. English. Nothing beyond the recital of the fact that this affidavit was produced is made to appear in the case. For according to the order by which the motion is denied it does not appear to have then been before the court, and it forms no part of the case upon which the appeal has been heard. The right to the injunction must, therefore, depend upon the papers which have been produced in the case, which do not include any affidavit made by English. After the order was made it was amended by adding a recital of further

papers which were used upon the motion, beyond those at first mentioned in it. But this addition did not supersede it or make another order of it. It still remained the same order which was made denying the motion, corrected only by a further recital. The appeal was, therefore, properly taken from this order. That was the order by which the relief asked for was denied, and the one afterwards made simply corrected it so far as it had been formerly deficient.

The injunction order did not in terms restrain the defendant Fisher, who was the only party that has appealed from the denial of the motion made to vacate it. But it nominally restrained the other two defendants from paying to Fisher any part of the purchase-price of certain stock belonging to him. By the terms of this order the entire amount of money which had been received by the other defendants upon the sale of Fisher's stock was required to be held by them and detained from him. He was no otherwise than this made a party to the order, for it did not in terms prohibit him from receiving the money. It did that, however, in effect, for as long as the other defendants withheld the money from him and were prohibited from paying it over to him, he was in fact precluded from receiving it. And because the order operated in this manner upon his rights and interests he was a party enjoined by it, within the meaning of the terms used in the Code of Civil Procedure, to designate the party who may apply by motion to vacate the injunction. As to the other defendants the injunction was no cause of embarrassment, for it simply entitled them to hold in their hands over $150,000 not belonging to them. And they, clearly for that reason, had no motive whatever for complaining of its restraint.

If the party to whom money is payable could not move to vacate the order, then the law might very well be made the cause of great injustice by permitting a person without substantial right to collude with those holding the money or property of another, for the sole purpose of preventing it from going into the hands or possession of the true owner. And the provisions contained in the Code on this subject should not be construed in such a manner as to produce such an unintended result. As they have been framed that construction is not required to be given to them, for the party

enjoined must be intended to include the person who in fact is prevented by means of the injunction from receiving what he would otherwise be entitled to take. The defendant Fisher was this party, and he had the right to move to vacate the injunction so that he might be at liberty to receive the money belonging to him. (Code of Civil Procedure, §§ 626, 627.)

But if these provisions should not be construed as broadly as they have been, then as a party injured by the order he had the right to move to vacate it under the general principle of law sanctioned by the courts, and applied to the relief of a party who may be embarrassed in the enjoyment of his rights by an order improvidently made by the court. (*Lowber* v. *The Mayor, etc.,* 5 Abb., 325; S. C., 26 Barb., 262; *Dwight's case,* 15 Abb., 259; *Gould* v. *Mortimer,* 16 id., 448.)

*William G. Wilson,* for the appellant.

*D. C. Briggs,* for the respondent.

Opinion by DANIELS, J.; DAVIS, P. J., and BRADY, J., concurred.

Order reversed and motion granted, with ten dollars costs and disbursements.